IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

In re: JUAN F. ALBAN

_____/

## NOTICE AND ORDER OF CRIMINAL CONTEMPT PROCEEDINGS

The Court *sua sponte* initiates criminal contempt proceedings against attorney Juan F. Alban for willfully violating multiple Orders of this Court. *See* 18 U.S.C. § 401(3); Fed. R. Crim. P. 42(a). The essential facts constituting the charged criminal contempt are as follows:

1. On August 15, 2018, Lakeisha Curry (the "Plaintiff") filed a complaint pursuant to the Federal Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, against five defendants, including Jose F. Llanos. ("Compl.") (ECF No. 1).[1] On September 18, 2018, Juan F. Alban, counsel for Defendant Jose F. Llanos, signed and emailed to Chad Levy, counsel for Plaintiff, Mr. Llanos's Answer and Affirmative Defenses to the Complaint ("Answer") (ECF Nos. 13–1, 14).[2] *See* Plaintiff's Notice of Filing Defendant's Answer ("Notice of Filing") (ECF No. 13); Answer at 5. On October 26, 2018, Mr. Levy filed the Answer on the *Curry* docket. *See generally* Notice of Filing. Mr. Llanos is the only Defendant to have appeared in the *Curry* case.

2. On October 30, 2018, the Court dismissed the *Curry* case without prejudice for violating the Court's Notice of Court Practice (ECF No. 4) by not filing a joint scheduling report. Order Dismissing Case (ECF No. 16). On October 31, 2018, Plaintiff moved to reopen the case, stating that a joint scheduling report was not timely filed because Juan F. Alban did not respond to multiple requests from Plaintiff to schedule a settlement conference or submit a joint

---

[1] All documents cited in the format "(ECF No. X)" refer to the underlying FLSA action, *Curry v. Jussi Grp., LLC*, 18-cv-61911-KMM (S.D. Fla. Aug. 15, 2018).

[2] Juan F. Alban listed his Florida bar number, 109606, beside his signature. Answer at 5.

scheduling report.  Motion to Reopen Case (ECF No. 17).  On November 1, 2018, the Court reopened the case and ordered Juan F. Alban to show cause by November 5, 2018 why a scheduling order could not be filed.  First Show Cause Order (ECF No. 18).  Juan F. Alban failed to respond to the Court's First Show Cause Order.

3. On November 9, 2018, the Court ordered Juan F. Alban to appear before this Court on November 16, 2018 to show cause why he should not be sanctioned for failing to respond to the Court's First Show Cause Order and failing to confer with opposing counsel to submit a proposed scheduling order.  Second Show Cause Order (ECF No. 21).  On November 16, 2018, Juan F. Alban failed to appear before the Court.  Minute Entry for Proceedings (ECF No. 25).[3]

4. The Court then issued yet another show cause order, directing Juan F. Alban to respond by November 28, 2018 why the Court should not find him guilty of contempt of court and suspend him indefinitely from practicing in this Court.  Third Show Cause Order (ECF No. 26).  Juan F. Alban did not respond to the Court's Third Show Cause Order.

5. On November 30, 2018, Plaintiff filed a Notice of Settlement, stating that a settlement had been reached "with Defendants."  Notice of Settlement (ECF No. 30).  On December 1, 2018, the Court, in a Fourth Show Cause Order, stated that it was unclear whether Juan F. Alban had the authority to enter into this settlement on behalf of Mr. Llanos due to Juan

---

[3] At around this time, the Court learned that Juan F. Alban may be ineligible to practice law in the State of Florida.  See Member Profile of Juan Fernando Alban Naranjo, Bar No. 109606, The Florida Bar, https://www.floridabar.org/directories/find-mbr/profile/?num=109606 (last visited Dec. 28, 2018).  Local Rule 3 for the District Court for the Southern District of Florida states that in order to remain in good standing of this Court, an attorney must also remain in good standing of the Florida Bar.  L.R. 3 adds that attorneys not in good standing of this Court may not practice in this Court.  In addition, L.R. 8.4(a) mandates attorneys admitted to this Court to promptly inform the Clerk of Court when "being subject to reprimand, discipline, suspension, or disbarment by a court of any state. . ."

F. Alban's apparent ineligibility to practice law in both the State of Florida and this Court. Fourth Show Cause Order (ECF No. 31). The Court further directed both Parties to appear before this Court on December 18, 2018 and show cause why the Court should not: (i) reject the Parties' proposed settlement, (ii) find Juan F. Alban guilty of contempt of court, (iii) indefinitely suspend Juan F. Alban from practicing in this Court, and (iv) strike Mr. Llanos's Answer from the record. *Id*.

6. Juan F. Alban yet again failed to appear at the December 18, 2018 hearing. Paperless Minute Entry for Show Cause Hearing (ECF No. 33). Mr. Levy, however, informed the Court during this hearing that he had spoken with Juan F. Alban on November 29 and November 30, 2018 by phone and text. During these discussions, Mr. Levy urged Juan F. Alban to reply to the Court's multiple show cause orders, and Juan F. Alban told Mr. Levy that he would submit a response to the Court explaining his ineligibility to practice law. Juan F. Alban therefore appears to have known about, yet willfully disregarded, at least some, if not all, of the show cause orders directed by this Court towards Juan F. Alban.

"The Eleventh Circuit has uniformly regarded the imposition of a penalty against attorneys for a punitive purpose as a criminal contempt sanction." *In re Dickstein*, Misc. Case No.: 3:10mc63/MCR/EMT, at 2 (N.D. Fla. Oct. 21, 2010) (internal citations and marks omitted), *contempt order aff'd sub. nom.*, *United States v. Dickstein*, 436 F. App'x 980, 984–85 (11th Cir. 2011). Persons charged with criminal contempt are entitled to the same constitutional protections due in all criminal proceedings, except that the Court may try a criminal contempt proceeding without a jury when the actual penalty imposed does not exceed six months imprisonment. *See In re Dickstein*, at 2 (internal citations omitted). Defendants in criminal contempt proceedings cannot be compelled to testify against themselves and are presumed

innocent until proven guilty beyond a reasonable doubt. *See id.* Specifically, the government must prove beyond a reasonable doubt that a reasonably specific Court order was violated and that the violation was willful. *Id.* (citing *United States v. Bernardine*, 237 F.3d 1279, 1282 (11th Cir. 2001)).

Recognizing that "contempt power is subject to abuse and should thus be utilized sparingly," the Court nonetheless "cannot ignore an attorney's flagrant disregard of its orders. . ." *See id.* Therefore, pursuant to its inherent and statutory contempt powers, the court *sua sponte* initiates criminal contempt proceedings against Juan F. Alban for willfully violating multiple Orders of the Court, including the First, Second, Third, and Fourth Show Cause Orders, as well as knowingly failing to appear before the Court for scheduled hearings on November 16, 2018 and December 18, 2018.

Accordingly, the Court hereby ORDERS, pursuant to 18 U.S.C. § 401(3) and Fed. R. Crim. P. 42(a):

A. Juan F. Alban to appear before the Court on a charge of criminal contempt commencing the two week trial period of February 19, 2019, at 9:00 a.m., in the United States District Courthouse, 299 East Broward Boulevard, Fort Lauderdale, Florida. The assigned courtroom will be announced at the calendar call, to which all Parties are directed to report on February 14, 2019 at 2:00 p.m. in Courtroom 13–1, Wilkie D. Ferguson, Jr. Courthouse, 400 North Miami Avenue, Miami, Florida.[4] Should Juan F. Alban fail to appear as ordered, a warrant for his arrest shall be issued.

B. Juan F. Alban has the right to representation of counsel, the presumption of innocence, the privilege against self–incrimination, the right to prepare a defense and to present

---

[4] Juan F. Alban is not required to appear at the calendar call.

witnesses, and the government must prove Juan F. Alban's guilt beyond a reasonable doubt before any criminal sanction is imposed.

C. Juan F. Alban must notify the court within seven (7) calendar days of service of this Order if he desires court appointed counsel. If court–appointed counsel is requested, Juan F. Alban will be required to provide the requisite financial information for the Court to determine his right to such an appointment.

D. The Court hereby requests that this matter be prosecuted by the United States Attorney's Office for this District. *See* Fed. R. Crim. P. 42(a)(2). Unless this request is declined in writing by that office by January 4, 2019, the Court so appoints the United States Attorney's Office to prosecute Juan F. Alban's alleged contempt.

E. Because the Court does not expect to impose a punishment that exceeds six months imprisonment, the Court finds a jury trial unnecessary. This matter will therefore proceed as a bench trial before the Court.

F. The Clerk of Court shall issue a summons and forward a copy of this Order to the United States Marshal Service for prompt service on Juan F. Alban, at his address of record or wherever he may be located.

G. The Clerk of Court shall provide a copy of this Order to the State Bar of Florida, the United States Attorney's Office for the Southern District of Florida, the United States Marshal's Service, and Chad Levy and Jose F. Llanos at their respective addresses of record.

DONE AND ORDERED in Chambers at Miami, Florida, this 29th day of December, 2018.

_____
K. MICHAEL MOORE
UNITED STATES CHIEF DISTRICT JUDGE